UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURENCE SESSUM,<br><br>          Petitioner<br><br>    v.<br><br>WARDEN J. SAGE,<br><br>          Respondent. | CIVIL ACTION NO. 3:24-CV-01997<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Laurence Sessum, incarcerated at USP Lewisburg in Lewisburg, Pennsylvania, filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2241, requesting that the Bureau of Prisons be ordered to recalculate his First Step Act time credits and his estimated date of placement in prerelease custody. (Doc. 1). Because he is not entitled to seek the requested relief under Section 2241, the Court will dismiss the petition.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Sessum is serving a 135-month term of imprisonment imposed by the United States District Court for the Western District of North Carolina for convictions relating to a fraudulent debt collection scheme. *See United States v. Sessum*, No. 3:18-cr-00292-RJC-DSC (W.D.N.C., Jan. 23, 2020). At the time of the petition, the Bureau of Prisons ("BOP") estimated his release date as April 28, 2029. *See* (Doc. 5-2).

In his petition, filed November 18, 2024, Sessum asserted that the BOP had illegally failed to "provide a [forecasted] projection of [his] Conditional Placement Date" premised on time credits he expected to earn under the First Step Act ("FSA"). As relief, he requested that the BOP "provide a manual calculation of his FSA Time Credit Assessment," and potentially

"expedite his placement to prerelease custody." The respondent argues that no legal authority guarantees the petitioner a right to prerelease custody, that courts lack the authority to order the BOP to order such placement, and that Sessum's claim is unripe, among other arguments.[1]

## II. DISCUSSION

To the extent Sessum's petition is interpreted as a request to "expedite prerelease custody," precedent in this circuit does not clearly resolve whether a claim of entitlement to prerelease custody constitutes a challenge to the "execution" of a sentence for which a court can order habeas relief. *See Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012) ("[I]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."); *but see Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (a prisoner "may resort to federal habeas corpus to challenge a decision to limit his RRC placement"). Most courts within this district have concluded that such claims are not cognizable. *See Rafiq v. Greene*, No. 1:25-CV-01409, 2025 WL 3110563, at *4 (M.D. Pa. Nov. 6, 2025) (summarizing recent decisions in the district). However, at least one court has permitted "a claim challenging the BOP's refusal to transfer a petitioner to prerelease custody." *Al Haj v. LSCI-Allenwood Warden*, No. 1:24-CV-1193, 2025 WL 1115751, at *3 (M.D. Pa. Apr. 15,

---

[1] The parties also dispute whether Sessum exhausted available administrative remedies and whether exhaustion would be futile given the issues presented. Sessum attached evidence indicating that he had been denied the appropriate form to begin the administrative remedy process. *See* (Doc. 6-1). Because the petition is dismissed on other grounds, the Court does not resolve these disputed issues. *See Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025) (the exhaustion requirement under Section 2241 is a judicially created doctrine applied at the Court's discretion) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)); *see, e.g., Heizman v. Cuffaro*, No. 1:20-CV-01565, 2024 WL 691358, at *2 n.1 (M.D. Pa. Feb. 20, 2024) ("[C]ourts may proceed to the merits without deciding whether a plaintiff has satisfied a nonjurisdictional exhaustion rule.").

2025) (citing *Vasquez*, 684 F.3d at 433; *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 247 (3d Cir. 2005)).

Regardless, Sessum's petition would not establish a basis for relief, because he has not presented evidence that he is being refused prerelease custody. Rather, his argument is that the BOP has not provided appropriate estimates of his potential eligibility. He argues that given his statutory release date of April 28, 2030, his "earning potential over the entire duration of sentence" would amount to 1,588 days of FSA time credit, which, if counted prospectively, could result in a conditional placement date of February 28, 2026.

A prisoner has no statutory entitlement to anticipated FSA credits until they are earned. *See* 18 U.S.C. § 3624(g)(1)(A) ("an eligible prisoner is one who *has earned* time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment") (emphasis added); 18 U.S.C. § 3632(d)(4)(A) ("Time credits earned under this paragraph by prisoners *who successfully participate in* [the corresponding programs] shall be applied toward time in prerelease custody or supervised release.") (emphasis added).[2] In supplemental filings, Sessum points to recent BOP guidance indicating that, for "release planning" purposes, eligible inmates' conditional placement dates should reflect anticipated credits. However, even if he was permitted to pursue a habeas claim for prerelease custody,

---

[2] *See, e.g.*, *Winegar v. Boncher*, No. CV 22-11632-FDS, 2022 WL 17404897, at *2–3 (D. Mass. Dec. 2, 2022) ("That [statutory] language, which is both prospective and conditional, makes clear that a prisoner cannot earn time credits until after the required programming has been completed . . . Furthermore, to allow the awarding of credits prospectively would frustrate one of the purposes of the FSA, which is to 'provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs.'") (citing 18 U.S.C. § 3632(d)); *Urena v. Warden*, No. 3:24-CV-1673 (VDO), 2025 WL 1158102, at *2 (D. Conn. Apr. 20, 2025); *Livingston v. Rule*, No. 4:24-CV-1098-P, 2025 WL 2730227, at *1 (N.D. Tex. Feb. 21, 2025).

he would not be entitled to habeas relief to correct purported errors in non-final estimates of his future eligibility.³ *See Porter-Bey v. Bledsoe*, 456 F. App'x 109, 111 (3d Cir. 2012); *see also Curry v. Thomas*, No. 1:14-CV-0756, 2014 WL 4078639, at *3 (M.D. Pa. Aug. 18, 2014) (where "a final RRC placement decision had not been made at the time Petitioner filed his habeas petition," the petition must be dismissed as unripe).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for writ of *habeas corpus*. An appropriate order follows.

Dated: January 13, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

³ Sessum presents no evidence that the BOP has refused to apply FSA credits he has already earned, or that it refuses to appropriately consider prerelease custody if he earns them (or has earned them) in the manner he anticipates.